E-FILED
Wednesday, 22 August, 2018 10:16:59 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| HARLIS WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-CV-01376 |
| v. ) | |
| ) | |
| CATHOLIC SOCIAL SERVICES, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the following Defendants: Catholic Social Services ("Catholic Services"), the Board of Directors for Catholic Social Services from 1993 to 1995 ("Board"), Mark German, and Toni Weeks. (D. 24). [1] These Defendants also filed a Memorandum of Law in Support of their Motion. (D. 25). The *pro se* Plaintiff, Harlis Woods, filed a Response. (D. 30). For the reasons stated herein, the Defendants' Motion to Dismiss (D. 24) is DENIED.

## BACKGROUND

The Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that the Defendants noted above are liable in various capacities for failing to protect him, being negligent, and intentionally inflicting emotional distress upon him while he was under their care as a foster child. The two remaining Defendants in this matter who are not noted above, the Director of the (Illinois) Department of Child and Family Services from 1993 to 1995 and Marshall Klein, have not been served with summons in this matter. (D. 17); (D. 17-1).

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

As a child, the Plaintiff was a ward of the state from 1991 until 2000. From 1991 to 1993 he was in foster care managed by Lutheran Child and Family Services of Illinois ("Lutheran Services") and Lutherbrook Children's Center ("Lutherbrook"). The Plaintiff was placed in his first foster care home in a Catholic Services facility in 1993. He claims there were reports of abuse and molestation in that home before he was placed there. The Plaintiff also alleges that due to a lack of supervision, he was sexually abused by other children while he was in the home. Specifically, he claims that in November 1993 a boy that was a fellow foster child fondled his genitals. The Plaintiff further claims that in 1994, another girl in the home forced him to perform oral sex and otherwise penetrate her. The Plaintiff says he reported these abuses to, *inter alia*, German (a Catholic Services therapist) and Weeks (a Catholic Services case manager) shortly after they happened, but they did nothing.

In 1995, the Plaintiff was placed in a second foster home by Catholic Services. He claims this home also had a reputation for abuse. There, the Plaintiff alleges he was sexually abused by his foster mother's live-in boyfriend. He says this man forced him to engage in oral sex and made him watch as he raped another child. Again, the Plaintiff says he reported the abuse to German and Weeks but was not promptly removed from the house.

The Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, in August 2017. (D. 1). In addition to the Defendants previously noted, he originally brought suit against several other Defendants, including multiple entities and individuals associated with Lutheran Services and Lutherbrook. (D. 1). The Court eventually granted him leave to file an Amended Complaint. (D. 8). In his Amended Complaint, the Plaintiff outlined five claims against the current Defendants for actions that occurred between 1993 and 1995. (D. 15).

The Plaintiff claims his memories of the underlying events were "suppressed and repressed" from his consciousness and did not "emerge" until May 2017. *Id*. at pg. 11. He referenced being "shuffled around from placement to placement" in the foster care system and suffering "additional abuses" as a result that are "not subject to this action." *Id*. at pp. 9-11. The Plaintiff also mentioned his "claims in previous litigation" which he says are distinct from the allegations in his Amended Complaint. *Id*. at pg. 10.

Catholic Services, the Board, German, and Weeks filed a Motion Dismiss. (D. 24). They contend that the Plaintiff's Amended Complaint should be dismissed on the basis of collateral estoppel (D. 25 at pp. 5-7) and, alternatively, on *res judicata* grounds (*Id*. at pp. 7-10). They attached to their Motion documents from a § 1983 case filed in the Northern District of Illinois by the Plaintiff in 2011 against, *inter alia*, Lutheran Services and Lutherbrook. (D. 24-1) (his complaint); (D. 24-2) (*Woods v. Ill. Dep't of Children & Family Servs.*, 880 F. Supp. 2d 918, 925-926 (N.D. Ill. 2012) and *Woods v. Ill Dep't of Children & Family Servs*., 710 F.3d 762, 768 (7th Cir. 2013)).[2]

In his 2011 complaint, much like the present Amended Complaint, the Plaintiff asserted that his caretakers had a duty to protect him, that they knew the home they placed him in was dangerous, he was abused, and suffered emotional distress as a result. (D. 24-1). All of the alleged abuse transpired in 1991, but he claims he did not remember any of it until he turned 21. *Id*. at pg. 4. Attached to the complaint were multiple exhibits which the Plaintiff claimed documented his psychological and emotional deterioration. (D. 27); (D. 24-1 at pg. 4). The district court ultimately held that he should have brought his § 1983 claims within two years of

---

[2] The Court may take judicial notice of this proceeding without converting the present Motion to Dismiss to a motion for summary judgment. *White v. Keely*, 814 F. 3d 883, 885 n. 2 (7th Cir. 2016); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1080-81 (7th Cir. 1997).

3

them accruing—beginning in 2004. See, *Woods*, 880 F. Supp. at 925-926. The Seventh Circuit affirmed. *Woods*, 710 F.3d at 768.

**LEGAL STANDARD**

In reviewing the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the Plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint must contain a short and plain statement of the plaintiff's claim, sufficient to show entitlement to relief and to notify the defendants of the allegations against them. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This standard is met if the plaintiff describes in sufficient factual detail enough to suggest a right to relief beyond a speculative level. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Srvs.*, 496 F.3d 773, 776 (7th Cir. 2007).

The Defendants, however, do not challenge the sufficiency of the Plaintiff's Amended Complaint. Rather, they claim the doctrines of collateral estoppel and *res judicata* bar his claims. These related doctrines will determine whether the Plaintiff's 2011 federal suit bars him from bringing the current action. See *Matter of Energy Coop. Inc.*, 814 F. 2d 1226, 1230 (7th Cir. 1987). They are intended "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate[,] protects their adversaries from the expense and vexation [of] attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979). The major distinction between the two doctrines is that while they both bar issues that were actually litigated in a prior action, *res judicata* further bars issues which *could* have been raised in a prior proceeding. *Lee v. City of Peoria*, 685 F. 2d 196, 198 (7th Cir. 1982); see also *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F. 3d 539, 547 (7th Cir. 2011).

## ANALYSIS

First, the Defendants argue that the Plaintiff's Amended Complaint should be dismissed on the basis of collateral estoppel. (D. 25 at pp. 5-7). In their view, the Plaintiff's admissions in his 2011 complaint and the Seventh Circuit's determinations regarding his knowledge of the alleged sexual abuse by 2004 bars his current claims. *Id*. The Plaintiff distinguishes the prior litigation from his current suit and analogizes the different incidents of sexual abuse to a series of separate car accidents. (D. 30 at pp. 3-6).

Ordinarily, collateral estoppel is an affirmative defense raised in an answer pursuant to Federal Rule of Civil Procedure 8(c). If an affirmative defense is disclosed in a complaint, however, it provides the proper basis for a Rule 12(b)(6) motion. *Muhammad v. Oliver*, 547 F. 3d 874, 878 (7th Cir. 2008). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F. 3d 743, 745 n. 1 (7th Cir. 2012). Here, as previously discussed, the Court has taken judicial notice of the Plaintiff's 2011 lawsuit and the Plaintiff referenced it in his Amended Complaint.

"Under the doctrine of collateral estoppel, also referred to as issue preclusion, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" *Firishchak v. Holder*, 636 F. 3d 305, 308 (7th Cir. 2011). Generally, collateral estoppel prevents parties from re-litigating issues when "(1) the issue sought to be litigated is the same as the one involved in the prior action; (2) that issue was actually litigated in the first action; (3) the determination of the issue was essential to the final

5

judgment in the first action; and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the first action." *Kluppelberg v. Burge*, 276 F. Supp. 3d 773, 776 (N.D. Ill. 2017) (citing *Chicago Truck Drivers v. Century Motor Freight, Inc.*, 125 F. 3d 526, 530 (7th Cir. 1997)). As an affirmative defense, it is the Defendants' burden to establish each element of collateral estoppel. *Adair v. Sherman*, 230 F. 3d 890, 894 (7th Cir. 2000).

Here, the Defendants have failed to establish that the first element is present. The issue sought to be litigated in this action is not the same as the one involved in the prior action. The issue raised in the present litigation is whether or not the Plaintiff was sexually abused while housed in two Catholic Services foster homes from 1993 to 1995. (D. 15). The Plaintiff alleged in his 2011 complaint that he was sexually abused while housed in a Luther Services foster home in 1991. (D. 24-1). Absent from the earlier complaint is any mention of the events discussed in the current action. There is simply no overlap. Thus, the complaints bring separate issues before their respective courts.

The Court is aware of the attachment to the Plaintiff's 2011 complaint labeled "Exhibit #5[.]" (D. 27 at pg. 5). This document is a portion of his youth and family history from a written assessment. Based on the content, it was written after the events giving rise to the present litigation—sometime after June 6, 1995. The author notes that the Plaintiff was suspected of "engaging in sexual intercourse" with two of his foster sisters in 1995. *Id*. The author goes on to say that the Plaintiff "admitted to this writer that he was having sex with the girls in this home. He stated that the sex was consensual and that he would not have done it if he thought he could lose his placement [in the foster home] for it." *Id*.

Having attached this document to his 2011 complaint, the Plaintiff's claim that his memory of the alleged sexual abuse he suffered emerged in 2017, but was not present in 2011,

6

lacks some credibility. It does not, however, conclusively contradict his current claims. The Plaintiff's admission in his 2011 complaint that he was aware of the fact that he was sexually abused is limited to his knowledge of injuries stemming from encounters he alleges occurred at Lutherbrook. (D. 24-1 at pg. 4).

This information is insufficient to support a finding that the Defendants are entitled to a grant of their Motion to Dismiss. The Seventh Circuit's finding that the Plaintiff's allegations of sexual abuse in 1991 were time barred does not preclude him from litigating the issue of whether or not he was abused from 1993-1995. These later claims may be time barred as well, but that is not the issue before the Court. Therefore, the Defendants' Motion to Dismiss on collateral estoppel grounds is DENIED.

The Defendants further argue the Plaintiff's Amended Complaint should be dismissed on *res judicata* grounds. (D. 25 at pp. 5-7). A defendant should ordinarily raise *res judicata* as an affirmative defense and move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Carr v. Tillery*, 591 F. 3d 909, 912-13 (7th Cir. 2010); see also *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F. 3d 623, 626 (7th Cir. 2003). As previously noted, *res judicata* is appropriately addressed in a motion to dismiss under Rule 12(b)(6) where, as here, the Court takes judicial notice of a prior proceeding and the Plaintiff's Amended Complaint discloses the basis for the affirmative defense. *Geinosky*, 675 F. 3d at 745 n. 1; *Muhammad*, 547 F. 3d at 878.

*Res judicata* has three elements: (1) an identity of the parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits. *Arrigo v. Link*, 836 F. 3d 787, 798-99 (7th Cir. 2016); *Matrix IV*, 649 F. 3d at 547. As the party seeking application of the doctrine, the Defendants have the burden of establishing that the elements of *res judicata* are present. *Kulavic v. Chi. & Illinois Midland Ry. Co.*, 1 F. 3d 507, 517 n. 6 (7th Cir. 1993). Any

7

reasonable doubt regarding the presence of the elements "should preclude the drastic remedy of foreclosing a party from litigating an essential issue." *Id*. (citations omitted).

The Plaintiff aptly points out that while they share the same theory of recovery, the two suits at issue are brought against different entities and have different operative facts. (D. 30 at pg. 2). The Court agrees. The defendants in each case are different. None of the defendants named in the 2011 complaint are named in the Amended Complaint presently before the Court. *Compare*, (D. 15) and (D. 24-1). Further, the underlying facts from the 2011 complaint are limited to allegations from 1991. (D. 24-1). His current claims are limited to events that are alleged to have happened from 1993-1995. Absent from the record is conclusive proof that the Plaintiff knew about the alleged sexual abuse he suffered from 1993-1995 when he brought his first complaint in 2011.

While the Plaintiff does state in his Response that he "possessed a knowledge of injury[,]" prior to May 2017, he further claims that "there was no way for him to connect that injury to a harm as he was unaware of the harm and how it contributed to the overall damage in [his] life and psyche." (D. 30 at pg. 3). This statement will be difficult for him to explain as this litigation progresses. For now, however, the Plaintiff's claims still survive. The Defendants have not satisfied their burden of establishing that the necessary elements of *res judicata* are present. Therefore, the Plaintiff's current action is not barred. The Defendants' Motion to Dismiss on *res judicata* grounds is DENIED.

**CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss (D. 24) is DENIED.

*It is so ordered.*

Entered on August 22, 2018

      <u>  s/ James E. Shadid</u>
      James E. Shadid
      Chief United States District Judge